UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LHF PRODUCTIONS, INC., ) | CASE NO. C16-865RSM |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DENYING DEFENDANT DOES 4 |
| v. ) | AND 14 MOTIONS TO QUASH |
| ) | |
| DOES 1-15, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Defendants Doe #4 and Doe #14's nearly identical Motions to Quash, Dkt. ## 11 and 12. This is a copyright infringement case against several unknown John Doe Defendants that appear to be using "peer to peer" or BitTorrent file "swapping" networks to illegally obtain and distribute the copyrighted motion picture "London Has Fallen." Dkt. #1 at ¶ ¶ 10-35. Plaintiff has obtained expedited discovery in this matter in order to identify and name the John Doe Defendants so it can complete service of process and proceed with litigation. Dkt. #8.

Defendants Doe #4 and Doe #14 now each move for "an order quashing the subpoena served upon Comcast Communications as it pertains to [Defendants]." Dkt. ## 11 and 12. Defendants argue that "per FRCP 45(c)(3)(A) (sic), the recipient would be subject to an undue

ORDER DENYING DEFENDANT DOES 4 AND 14 MOTIONS TO QUASH - 1

burden in that it reveals Defendant's name to Plaintiff; an invasion of Defendant's privacy." *Id*. Defendants argue that they have not infringed the copyright of the film at issue in this case, "London Has Fallen," and request that they be allowed to proceed anonymously. *Id*. Defendants argue that this case will be dismissed and that therefore the release of Defendants' names is an "undue burden." *Id*. Defendant Doe #4 argues that:

> Not only does releasing [Defendant's] name immediately subject her to an unwarranted demand for settlement from Plaintiff for an infringement she did not commit, that Plaintiff could never definitively link her to, but being named in such a nebulous lawsuit provides the additional burden for [Defendant] when it comes future job possibilities. Any Google search will inexorably associate her to a baseless shakedown for settlement, a certain deterrent in employment.

Dkt. #11 at 4. Defendant Doe #14 argues that:

> Not only does releasing her name immediately subject her to an unwarranted demand for settlement from Plaintiff for an infringement she did not commit, that Plaintiff could never definitively link her to, but being named in such a nebulous lawsuit provides the additional burden for Doe #14 when it comes to her visa renewal evaluation. In addition to being an obvious shakedown for settlement, an accusation of copyright infringement, even one as baseless as Plaintiff's, may be considered a "crime of moral turpitude" by the Board of Immigration Appeals and reason to deny her visa renewal.

Dkt. #12 at 4.

In response, Plaintiff argues that it has sufficiently identified Does 4 and 14 via their IP addresses. Dkt. #14 at 2 (citing *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579-580 (N.D. Cal. 1999)). Plaintiff argues that Defendants' arguments are outdated and not supported by current law in this district. *Id*. at 3 (citing *Dallas Buyers Club, LLC v. Does*, Case No. 14-cv-1336RAJ (Nov. 14, 2014) (Dkt. 16); *Dallas Buyers Club, LLC v. Does*, Case No. 14-cv-1819RAJ (Feb. 13, 2015) (Dkt. 16); *Dallas Buyers Club, LLC v. Does*, Case No. 14-cv-1926RAJ (Feb. 13, 2015) (Dkt. 15); *Cobbler Nevada, LLC v. Does*, Case No. 15-cv-1408TSZ

ORDER DENYING DEFENDANT DOES 4 AND 14 MOTIONS TO QUASH - 2

(Nov. 19, 2015) (Dkt. 13); *Cobbler Nevada, LLC v. Does*, Case No. 15-cv- 1435TSZ (Dec. 18, 2015) (Dkt. 21)).  Plaintiff argues that it is ultimately entitled to learn the identity of those responsible for use of the IP addresses to infringe its copyright, "[t]hat must start with the subscriber," and "[i]f the responsibility lies with others in the household or with access to the IP address at the relevant time, verified discovery—starting with discovery from the identified subscriber and owner of the property—will confirm that fact." *Id*. at 3-4.  Plaintiff argues that "Defendants have no legitimate expectation of privacy in the subscriber information they provided to the ISPs much less in downloading and distributing the copyrighted motion picture without permission."  *Id*. at 4 (citing *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *Interscope Records v. Does 1-14*, 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission")).  Plaintiff argues that it is making its claims in good faith and that Defendants have failed to show a "more convenient, less burdensome, or less expensive" way to identify and name the John Doe Defendants so it can complete service of process and proceed with litigation.  *Id*. at 6-7.  Defendants have declined their opportunity to file replies in support of their Motions.

The Court has broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.  *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  Under Rule 45(d)(3)(A), the Court must quash or

ORDER DENYING DEFENDANT DOES 4 AND 14 MOTIONS TO QUASH - 3

modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. The Court may limit the extent of discovery if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The Court finds that Defendants have failed to show that the subpoenas at issue require disclosure of privileged or otherwise protected information, or subject Defendants to an undue burden. The Court agrees with Plaintiff and cited cases in this district and beyond—Defendants are not entitled to anonymity. Each subscriber's identity is relevant and almost certainly necessary to determine the identity of the actual infringer. The burdens described in Defendants' Motions are not unique to this case and would befall any Defendant to a lawsuit. Furthermore, the Court is convinced that the requested information cannot be obtained from some other source that is more convenient, less burdensome, or less expensive. Accordingly, Defendants' Motions will be denied.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants Doe #4 and Doe #14's Motions to Quash, Dkt. ## 11 and 12, are DENIED.

DATED this 19th day of August 2016.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT DOES 4 AND 14 MOTIONS TO QUASH - 4